No. 13,278.

GLENN *v.* HALBERG.
(40 P. [2d] 240)

Decided January 7, 1935.

Mr. EDWARD L. WOOD, Mr. B. H. SHATTUCK, for plaintiff in error.

Mr. JOHN N. MABRY, Mr. NICHOLAS C. DAZZO, for defendant in error.

*In Department.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Halberg, about seven o'clock in the afternoon of February 5, 1932, parked his car on the east side of North Commercial street in the city of Trinidad, Colorado, in front of the Strand Theatre building, directly opposite the Riverside Drug Store, and started to walk across the street to the store. While crossing the street and at a point about the middle of the block Halberg was struck by a car driven by the defendant Glenn. Halberg was seriously injured and incapacitated for several months from performing his usual duties. This action was brought by him in which he named as defendants, Glenn and his employer, the Nuckolls Packing Company. At the trial of the case, on the conclusion of the evidence, the court directed a verdict in favor of the Packing Company and submitted to the jury, upon the evidence produced, the case as made against Glenn, with the result that the verdict of the jury was in favor of the plaintiff and against the defendant Glenn, on which the trial court entered judgment. Defendant Glenn is here with this writ of error seeking a reversal of such judgment.

Apparently counsel for both of the parties consider the vital question in the case, the alleged negligence of the defendant, a close one. However that may be, we think this judgment should be reversed on the ground that prejudicial error against the plaintiff in error was committed by the court in its contradictory instructions.

The plaintiff Halberg bases his right to a judgment against Glenn upon the alleged fact that while he, Halberg, was walking across North Commercial street in the city of Trinidad, the defendant Glenn negligently drove his car upon him and inflicted upon his person serious injury. Halberg produced witnesses who testified that there was a crosswalk between the Strand Theatre on North Commercial street and the Riverside Drug Store directly opposite the same and that this was a regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end

of a block and that plaintiff received his injuries complained of at this place or within this space.

In Instruction No. 8, which at Halberg's request was given, the court instructed that if, at the point mentioned, there was any such *clearly marked crosswalk* and that plaintiff received the injuries complained of at this place or within this space, he, the plaintiff, had the right of way in crossing the street and that defendant Glenn was bound to exercise reasonable care in anticipating the presence of pedestrians upon the street at that place, and to exercise reasonable care not to injure them. Instruction No. 9 reads: "The Court instructs you that at the time of the accident in question the plaintiff, Arthur R. Halberg, was crossing North Commercial street at a point other than a pedestrian crossing, crosswalk or intersection, and that it was therefore his duty under the law to yield the right of way to the automobile then and there being driven by the defendant Buford Glenn. You are further instructed that the plaintiff's failure to obey this mandate of the law was negligence in and of itself, which negligence, if you find that it contributed to cause the accident, bars a recovery by the plaintiff and requires a verdict in favor of the defendants even though you also find that the defendants, or either of them, were guilty of negligence contributing to cause the accident."

A reading of these two instructions discloses that there is an inconsistency and repugnancy between them which necessarily must have misled the jury. At all events, both of them cannot be correct because the one contradicts the other.

There was an ordinance of the city of Trinidad at this time reading as follows: "Pedestrians desiring to cross the streets in the business district shall do so only at street intersections, and in no case shall they cut diagonally across street intersections, but shall cross at right angles to the direction of the streets. Vehicles of all kinds shall have the right of way over pedestrians at all points on a street between regular crossings." In this

state of the record we are satisfied that the jury must have been misled by the instructions.

There are other instructions to the jury that are questionable but we think that, in event of another trial of this case, the trial court will not be likely to repeat them and we forbear discussion of the same at this time. The judgment is reversed and the cause is remanded to the district court. Further proceedings, if any, in the case must not be inconsistent with the views expressed in this opinion.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.